**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

Richard L.,

                    **Plaintiff,**

        **-against-**

Commissioner of Social Security,[1]

                    **Defendant.**

</td></tr>
</table>

**20-cv-10794 (LTS) (SDA)**

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE LAURA TAYLOR SWAIN, CHIEF UNITED STATES DISTRICT JUDGE:**

## INTRODUCTION

Pending before the Court is a motion by Plaintiff Richard L. ("Plaintiff") for an award of attorneys' fees, pursuant to 42 U.S.C. § 406(b). (Pl.'s 4/17/26 Not. of Mot., ECF No. 26.) For the reasons set forth below, it is respectfully recommended that Plaintiff's motion be GRANTED IN PART and DENIED IN PART and that Plaintiff be awarded $25,500.00 in attorneys' fees.

## BACKGROUND

On January 16, 2012, Plaintiff filed applications with the Social Security Administration ("SSA") for Social Security Disability Insurance benefits and Supplemental Security Income benefits, with an alleged onset date of August 31, 2011. (Binder Aff., ECF No. 28, ¶ 1.) Plaintiff was represented at the SSA level by the Law Firm of Charles E. Binder and Harry Binder Attorneys

---

[1] The caption of this case on the ECF docket lists the Defendant as Andrew M. Saul, since at the time of filing, he was the Commissioner of Social Security. Since he no longer is the Commissioner, the Court lists the Defendant simply as the Commissioner of Social Security (hereinafter, the "Commissioner").

at Law LLP (the "Binder Firm") (*see* Admin Record, ECF No. 15, at 72, 602), which is acting as counsel of record for Plaintiff in this action.

Plaintiff's claims were denied and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on May 31, 2012. (Admin Record. at 86.) A hearing was held before ALJ Michael A. Rodriguez on June 25, 2013. (*Id*. at 27-56.) In a decision dated August 23, 2013, ALJ Rodriguez found Plaintiff not disabled. (*Id*. at 13-21.) Plaintiff requested review of this decision by the Appeals Council on September 12, 2013. (*Id*. at 8.) On February 2, 2015, the Appeals Council denied the request for review. (*Id*. at 1-3.)

On March 14, 2015, Plaintiff entered into a written retainer agreement with the Binder Firm, wherein Plaintiff agreed to pay the Binder Firm up to twenty-five percent of his past due benefits, pursuant to 42 U.S.C. § 406(b), upon approval by the District Court. (3/14/25 Retainer Agmt., Ex. A to Binder Aff., ECF No. 28-1 at PDF p. 2.) On March 30, 2015, Plaintiff commenced a prior action in this Court, entitled *Lonecke v. Colvin*, Case No. 15-CV-02352 (the "Prior Action"). (Binder Aff. ¶ 3.)

The Complaint in the Prior Action was three pages in length, with the signature block appearing on the fourth page (*see* Prior Action Compl., 15-CV-02352 ECF No. 1), and Attorney Charles Binder ("Attorney C. Binder") spent no more than 48 minutes preparing the Complaint. (*See* Prior Action Time Record, Ex. C to Binder Aff., ECF No. 28-1 at PDF p. 7.)[2] Before the

---

[2] The time record in the Prior action reflects that Attorney C. Binder recorded 0.80 hours both dictating a letter to his client and dictating the Complaint. (*See* Prior Action Time Record, Ex. C to Binder Aff., ECF No. 28-1 at PDF p. 7.) The only other time that Attorney C. Binder recorded in the Prior Action was 0.5 hours for "dictat[ing] [a] letter filing [the] summons and complaint." (*See id*.) It is unclear what letter is referenced here, since no letter was filed to the ECF docket in the Prior Action, although a Civil Cover Sheet was filed at the time the Complaint was filed. (*See* Prior Action 3/30/15 Civil Cover Sheet, ECF No. 2.)

Administrative Record was filed in the Prior Action, the parties agreed to remand the case. (Binder Aff. ¶ 3.) In an Order entered on June 15, 2015, Magistrate Judge Henry B. Pitman remanded the case for further agency proceedings. (*Id*.) Judgment was entered the following day. (*Id*.) Based on this successful appeal, the Court ordered that Plaintiff be awarded attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $251.00. (*Id*. ¶ 4.)

On November 3, 2015, the Appeals Council issued an Order remanding the case for further administrative proceedings. (Binder Aff. ¶ 5.) A second hearing was held, this one before ALJ Michael J. Stacchini, on February 2, 2017. (*Id*.) In a decision dated April 5, 2017, ALJ Stacchini found Plaintiff not disabled. (*Id*.) Plaintiff requested the Appeals Council review this decision. (*Id*.) On May 17, 2018, the Appeals Council denied the request for review. (*Id*.)

Upon Plaintiff's decision to pursue a second appeal in this Court, Plaintiff signed a second retainer agreement, dated November 28, 2020. (Binder Aff. ¶ 6; 11/28/20 Retainer Agmt., Ex. B to Binder Aff., ECF No. 28-1 at PDF pp. 4-5.) In this second agreement, Plaintiff also agreed to pay the Binder Firm up to twenty-five percent of his past due benefits, pursuant to 42 U.S.C. § 406(b), upon approval by the District Court. (11/28/20 Retainer Agmt., ECF No. 28-1 at PDF p. 4.)

On December 21, 2020, Plaintiff commenced the present action by filing a Complaint. (Binder Aff. ¶ 7.) The Complaint was four pages in length (*see* Compl., ECF No. 1), and Attorney C. Binder spent 18 minutes preparing it. (Instant Action Time Record, Ex. C to Binder Aff., ECF No. 28-1 at PDF p. 8.) On June 14, 2021, the Administrative Record was filed in this action, and it was 871 pages in length. (*See* Admin. Record, ECF No. 15.) A total of 4.3 hours was recorded by the Binder Firm reviewing the Administrative Record, and that time was spent by Attorney Daniel S. Jones ("Attorney Jones"). (*See* Instant Action Time Record, ECF No. 28-1 at PDF p. 8.)

After Plaintiff received two extensions of time to file a motion for judgment on the pleadings (*see* 8/2/21 Order, ECF No. 17; 9/10/21 Order, ECF No. 19), and before Plaintiff filed such a motion, the parties subsequently agreed to remand this action. (Binder Aff. ¶ 7.) In an Order entered on October 18, 2021, then District Judge (and now Chief District Judge) Laura Taylor Swain remanded the action for further agency proceedings. (*Id*.) Judgment was entered the same day. (*Id*.) Based on the successful appeal in this Court, the Court ordered that Plaintiff be awarded attorney's fees under the EAJA in the amount of $1,000.00. (*Id*. ¶ 8.)

Following remand from this Court, the Appeals Council issued an Order remanding the case for further administrative proceedings on July 14, 2022. (Binder Aff. ¶ 9.) A third hearing was held, this one before ALJ Sharda Singh, on December 12, 2022. (*Id*.) In a decision dated March 7, 2023, ALJ Singh found Plaintiff not disabled. (*Id*.) Plaintiff requested review of this decision by the Appeals Council and on July 1, 2025, the Appeals Council remanded the case. (*Id*.) A fourth hearing was held, the second before ALJ Singh, on December 12, 2025. (*Id*.) In a fully favorable decision, dated January 23, 2026, ALJ Singh found Plaintiff disabled since August 31, 2011. (*Id*.)

By Notice of Award, dated April 8, 2026, the SSA calculated past-due benefits for Plaintiff and stated that it was withholding $102,927.98 (*i.e.*, 25 percent of the benefits) to pay the approved attorney's fees. (4/8/26 Not. of Award, ECF No. 28-1 at PDF pp. 10, 12.) Pursuant to two other Notices of Award on the same day, the SSA also was withholding $29,423.50 for the payment of attorney's fees in this case from past due benefits awarded to one of Plaintiff's children and $22,021.50 for another of Plaintiff's children. (*See* 4/8/26 Children's Nots. of Award, ECF No. 28-1 at PDF pp. 17-18, 22-23.)

4

On April 17, 2026, Plaintiff filed the motion now before the Court.[3] (*See* Pl.'s 4/17/26 Not. of Mot.) In his motion, Plaintiff is seeking to be awarded the sum of $77,186.49 for work performed by the Binder Firm, which represents 12.5% of the retroactive benefits awarded to Plaintiff and Plaintiff's children (*i.e.*, one-half of the amounts withheld by the SSA). (*See* Pl.'s Mem., ECF No. 27, at 2.) In the affirmation accompanying the motion, Attorney C. Binder, on behalf of the Binder Firm, represented that he spent 3.40 hours working on Plaintiff's cases at the federal court level over the course of both appeals and that Attorney Jones expended 6.80 hours working on Plaintiff's case during the second federal court appeal, for a total of 10.2 hours. (Binder Aff. ¶¶ 11, 13.)

The pending motion was referred to the undersigned on April 20, 2026. (Am. Order of Ref., ECF No. 29.) On May 1, 2026, the Commissioner filed a response neither supporting nor opposing the fee request. (Def.'s 5/1/26 Ltr., ECF No. 31.)

**DISCUSSION**

**I.     Legal Standards**

Section 206(b)(1)(A) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

---

[3] The motion was timely filed since the Binder Firm received the Notices of Award on April 10, 2026 (Binder Aff. ¶ 15), and filed the motion on April 17, 2026. *See Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019) (holding that 14-day filing period for seeking attorneys' fees in Fed. R. Civ. P. 54(d)(2)(B) applies to Section 406(b) applications and runs from counsel's receipt of award notice).

42 U.S.C. § 406(b)(1)(A).[4] "Most plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807*.*

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). To assess the reasonableness of a contingency fee, a court must first "'determine whether the contingency percentage is within the 25% cap' and . . . 'whether there has been fraud or overreaching in making the agreement.'" *Fields*, 24 F.4th at 853 (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (1990)). A court then considers the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id*. (quoting *Gisbrecht*, 535 U.S. at 808) (cleaned up).

---

[4] The statutory basis for an award of fees to a lawyer representing a client who obtains Social Security benefits is set forth in 42 U.S.C. § 406. Section 406 "establish[es] the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002). As the Supreme Court explains, "[t]he statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id*. at 794.

To analyze the third factor, *i.e.*, whether the fee would constitute a "windfall," the Second Circuit has instructed courts to "consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields*, 24 F.4th at 854. Courts should consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id*. at 854-55. A district court may reduce the amount provided for in a contingency fee agreement "only when it finds the amount to be unreasonable" after considering all these factors. *Id*. at 852-53.

If a court awards fees to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht*, 535 U.S. at 796; *Wells v. Brown*, 855 F.2d 37, 48 (2d Cir. 1988).

## II.    <u>Application</u>

As an initial matter, the requested fee of $77,186.49 does not exceed the 25% statutory cap and there is no evidence or suggestion of fraud or overreaching. In addition, nothing in the record indicates that the Binder Firm caused any unreasonable delay. Thus, the Court turns to the only remaining question, *i.e.*, whether the requested fee is so large as to constitute a windfall to the Binder Firm.

7

The *de facto* hourly rate sought by the Binder Firm is $7,567.30,[5] which is quite high. However, the Court's analysis must consider not only the *de facto* hourly rate, but also the four *Fields* windfall factors, set forth in the Legal Standards section above. *See Fields*, 24 F.4th at 854-55.

### A.    First *Fields* Windfall Factor: Ability And Expertise Of Lawyers Leading To Efficiency

The first *Fields* windfall factor requires the Court to consider "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *Fields*, 24 F.4th at 854. Attorney C. Binder has spent many years almost exclusively litigating Social Security cases in this District and possesses the requisite ability and expertise in this field. (*See* Berger Aff. ¶ 14.) Similarly, Attorney Jones has practiced exclusively in the area of federal court appeals of Social Security disability claims for over a decade. (*See id*. ¶ 12.) Thus, the Court easily finds that they have the requisite ability and expertise. However, for the most part, the ability and expertise of the Binder Firm's lawyers does not account for the efficient resolution of the Prior Action and this action.[6] Rather, the small number of hours spent on the two cases principally was the result of the Commissioner's quick agreement to remand both cases. Thus, the Court finds that this factor weighs in favor of a reduction in the fee award.

---

[5] $77,186.40 (requested fee) divided by 10.2 (hours billed) leads to a $7,567.30 hourly rate.

[6] The only substantive tasks performed by the Binder Firm in the Prior Action and this action involved the drafting of the Complaints. (*See* Prior Action Time Record, ECF No. 28-1 at PDF p. 7; Instant Action Time Record, ECF No. 28-1 at PDF p. 8.) While Attorney C. Binder's ability and expertise may have enabled him to prepare the Complaints in a relatively short period of time, these documents were *pro forma*, four-page documents.

8

**B.**      **Second *Fields* Windfall Factor: Nature And Length Of Professional Relationship Leading To Efficiency**

The second *Fields* windfall factor requires the Court to "consider the nature and length of [counsel's] professional relationship with the claimant—including any representation at the agency level." *Fields*, 24 F.4th at 855. *Fields* instructs that "'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case [and] the lawyering skills necessary to handle it effectively.'" *Id*. (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). Additionally, a court should recognize that investing a significant amount of time representing plaintiff at the agency level further enables counsel to operate efficiently in federal court. *See id*.

Here, as Plaintiff's moving memorandum notes, the Binder Firm "represented [Plaintiff] consistently since December 2011, assisting him throughout multiple administrative appeals levels and two District Court appeals as well as subsequent proceedings over the course of nearly 15 years." (Pl.'s Mem., ECF No. 27, at 3.) However, "§ 406(b) fees compensate counsel for court-related work," *Fields*, 24 F.4th at 855, and not for work at the agency level.[7] The work done at the agency level did not result in counsel being more efficient in federal court because, as noted above, the efficient resolution of the Prior Action and this action principally was the result of the Commissioner's quick agreement to remand both cases. Accordingly, the Court finds this factor also weighs in favor of a reduction in the fee award.

---

[7] Plaintiff's counsel indicate that they plan to seek approval of fees at the agency level from the SSA, which has exclusive jurisdiction to approve such fees. (*See* Binder Aff. ¶ 17.)

**C.      Third *Fields* Windfall Factor: Satisfaction Of The Disabled Claimant**

The third *Fields* windfall factor requires the Court to consider the satisfaction of the disabled claimant. *See Fields*, 24 F.4th at 855. Where counsel is "particularly successful, resulting in a fully favorable decision from the [SSA]" and the record contains no indication that the plaintiff objects to the fee award, it should be presumed that the plaintiff is satisfied with the case's result. *See id*.

In the present case, the SSA returned a fully favorable decision granting Plaintiff past-due benefits in the amount of $411,711.90 and an additional $205,780.00 in benefits for his children. (Pl.'s Mem. at 4.) The record contains no indication that Plaintiff is dissatisfied with the Binder Firm's representation or objects to the requested fee award. Therefore, this factor weighs in favor of granting the requested fee award.

**D.      Fourth *Fields* Windfall Factor: Uncertainty Of Successful Result And Effort To Achieve Result**

Under the fourth and final Fields windfall factor, a court must consider "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 855. The Second Circuit explained in *Fields*:

> A windfall is more likely to be present in a case. . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern really is about.

*Fields*, 24 F.4th at 856.

In the present case, when Plaintiff first retained the Binder Firm in December 2011, achieving a substantial award of past due benefits was far from certain. It was only after three hearings and two remands over the course of a fourteen year period that benefits were awarded.

On the other hand, the Binder Firm's efforts in this Court (as opposed to its efforts in the agency) were minimal, since the Commissioner on two occasions stipulated to remand before any briefing of the issues. Thus, this factor only marginally weighs in favor of granting the requested fee award.

### E.        The Requested Fee Award Would Constitute A Windfall

The Court finds that the *de facto* hourly rate sought here, *i.e.*, $7,567.30, "is starkly out of line with de facto hourly rates in other Social Security cases," *Fields*, 24 F.4th at 856, thus suggesting a windfall. While some of the *Fields* windfall factors weigh in Plaintiff's favor, the Court finds that some reduction is appropriate. The amount of reduction to make is inherently subjective and the Court is guided by post-*Fields* decisions.

When *Fields* was decided in 2022, the Second Circuit collected a series of decisions involving high *de facto* hourly rates, the highest of which was $2,100.00. *See Fields*, 24 F.4th at 856 n.10. However, as discussed below, more recent cases have approved *de facto* hourly rates as high as $2,500.00. After considering all the relevant factors, as well as case law decided since *Fields*, the Court recommends that Plaintiff be awarded a *de facto* hourly rate of $2,500.00.

In his moving memorandum, Plaintiff cites cases where courts have approved legal fees requested by the Binder Firm of 12.5% of past due benefits. (Pl.'s Mem. at 3.) However, the percentage sought is not the correct comparator, in the Court's view. Rather, the more apt comparator is the *de facto* hourly rate that was approved in those cases, and the $2,500.00 *de facto* hourly rate that the Court is recommending here generally is in line with the *de facto* hourly rate in those cases. *See Duncan v. Comm'r of Soc. Sec.*, No. 20-CV-06218 (FB), 2024 WL 3594667, at *1 (E.D.N.Y. July 31, 2024) (approving *de facto* hourly rate of $2,458.56, even though "on the

higher end"); *Morales v. Comm'r of Soc. Sec.*, No. 20-CV-10568 (KMK) (VR), 2023 WL 7168750, at *3 (S.D.N.Y. Oct. 5, 2023), *report and recommendation adopted*, 2023 WL 7166094 (S.D.N.Y. Oct. 31, 2023) (approving *de facto* hourly rate of $1,469.89); *Smith v. Acting Comm'r of Soc. Sec.*, No. 22-CV-01367 (PDB), 2025 WL 3518035, at *1, 2 (M.D. Fla. Apr. 16, 2025) (approving *de facto* hourly rate of $2,206.63); *John P. v. Kijakazi*, No. 21-CV-00318 (JDL), 2023 WL 8800679, at *3 (D. Me. Dec. 20, 2023), *report and recommendation adopted*, 2024 WL 691386 (D. Me. Feb. 20, 2024) (approving *de facto* hourly rate of $3,076.71); *see also King v. Kijakazi*, Case No. 20-CV-01139 (SM), 2023 WL 1782032, at *4 (D.N.H. Feb. 6, 2023) (reducing *de facto* hourly rate in excess of $5,600.00 to by roughly one-half "to ensure that a windfall is avoided and the fee award is reasonable").[8]

Finally, the Court notes that the approach taken here of reducing the *de facto* hourly rate to account for the windfall concern is consistent with the approach taken in other cases in this District. *See Rojas v. Comm'r of Soc. Sec.*, No. 20-CV-02225 (PGG) (HJR), 2025 WL 3481855, at *2, 6 (S.D.N.Y. Nov. 26, 2025) (recommending reduction of *de facto* hourly rate for the Binder Firm from $4,809.75 to $2,000.00);[9] *Figueroa v. Comm'r of Soc. Sec.*, No. 22-CV-03759 (SLC), 2024 WL 5039633, at *3, 5 (S.D.N.Y. Dec. 9, 2024) (reduction of *de facto* hourly rate for the Binder Firm from $3,686.30 to $1,500.00); *Susca v. O'Malley*, No. 20-CV-09592 (AT) (VF), 2024 WL 3905663,

---

[8] Plaintiff also cites in a footnote to a Text Only Order by Judge Gujarati in the Eastern District of New York where she awarded a *de facto* hourly rate of $11,173.03. (*See* Pl.'s Mem. at 4 n.1. (citing *Pevida v. O'Malley*, No. 22-CV-07472 (DG) (E.D.N.Y. Sept. 19, 2024).) The Court does not find this Text Only Order to be useful to the analysis here because it does not contain any substantive discussion of the required *Fields* factors. Regardless, a *de facto* hourly rate in excess of $11,000.00 is an outlier.

[9] The *Rojas* citation in the text above is to a report and recommendation by Magistrate Judge Ricardo that has not yet been adopted by District Judge Gardephe. However, the Binder Firm did not file objections to the report and recommendation.

at *2, 5 (S.D.N.Y. Aug. 1, 2024), *report and recommendation adopted*, 2024 WL 3904797 (S.D.N.Y. Aug. 22, 2024) (reduction of *de facto* hourly rate from $5,298.12 to $1,000.00 "because the requested amount [of attorney's fees] would result in a windfall to Plaintiff's counsel").

Accordingly, it is recommended that Plaintiff be awarded attorneys' fees in the amount of $25,500.00 (*i.e.*, $2,500.00 hourly rate times 10.2 hours).

<u>CONCLUSION</u>

For the reasons set forth above, it is respectfully recommended that Plaintiff's motion be GRANTED IN PART and DENIED IN PART, that the Binder Firm be awarded attorney's fees in the amount of $25,500.00, and that, upon receipt of this sum, the Binder Firm be ordered to refund to Plaintiff the previously paid EAJA fees of $1,251.00.[10]

Dated:      New York, New York
            May 9, 2026

_____
STEWART D. AARON
United States Magistrate Judge

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C.

---

[10] As noted above, although attorneys may file for both EAJA and Section 406(b) fees, "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796.

§ 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Chief Judge Swain.

THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).

14